# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:06 CV 295

| | |
|---|---|
| FURNITURE DISTRIBUTORS, INC., d/b/a KIMBRELL'S </br></br> Plaintiff, </br></br> v. </br></br> VOYAGER LIFE INSURANCE CO., </br></br> Defendant. | ORDER |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Voyager Life Insurance Company's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6)" (Document No. 8) and "Memorandum of Law in Support..." (Document No. 9), filed September 20, 2006; "Plaintiff's Brief in Opposition to ... Motion to Dismiss" (Document No. 15), filed October 17, 2006; Defendant's "Reply Memorandum of Law in Further Support..." (Document No. 16), filed October 30, 2006; and "Surreply Brief in Opposition..." (Document No. 17-2), filed November 20, 2006. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is ripe for disposition.

Having considered the briefs, the record, the applicable authority and the oral arguments of the parties at a March 29, 2007 hearing, the undersigned will <u>deny</u> the motion to dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or about September 9, 1983, Defendant Voyager Life Insurance Company ("Voyager")

first sold non-file insurance to Plaintiff Furniture Distributors, Inc., d/b/a Kimbrell's ("Kimbrell's").[1] Kimbrell's is the parent company of thirty separate corporate entities that collectively operate fifty-four retail furniture, household goods and appliances stores. Many Kimbrell's customers financed their purchases, and Kimbrell's therefore took a purchase money security interest in the financed goods. Kimbrell's could perfect its security interest by filing a UCC-1 form. The non-file insurance offered by Voyager provided coverage for Kimbrell's losses in lieu of Kimbrell's filing a UCC-1 form to perfect its security interest.

According to Kimbrell's, the parties formed an agreement whereby Kimbrell's would send Voyager a premium equal to the amount of the filing fee for a UCC-1 form. Voyager collected an administrative fee of 21% of the premium payment, and placed the remaining 79% into a reserve account, from which it could later pay Kimbrell's claims for losses. Kimbrell's contends that during this same time period reserves for other types of insurance policies were kept and maintained by Voyager. Kimbrell's asserts that the funds in these reserve accounts are rightfully its funds.

In or around 1995, consumers brought a class action lawsuit against Kimbrell's, Voyager and other defendants that bought or sold non-file insurance. It was alleged that the class action defendants had failed to abide by the Truth in Lending Act's disclosure requirements. The cases arising from the class action were consolidated in the Middle District of Alabama. Many of the defendants, including Voyager, joined a class action settlement agreement. The Final Judgment and Settlement Agreement included a Bar Order to protect the class action defendants from: "all other

---

[1] For the purpose of deciding this motion to dismiss, the facts were construed in the light most favorable to the Plaintiff and are presented here as set out by the Plaintiff. See Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 189 (4th Cir. 2002) ("at the motion to dismiss stage, a court must accept the allegations of the complaint as true and view the complaint in the light most favorable to the plaintiff").

claims, however denominated, which have been, could have been, or could be asserted against [Voyager] arising directly or indirectly out of the facts, transactions, events, acts or omissions relating in any way to the non-filing insurance policies...."

Kimbrell's contends that when it ceased purchasing non-file insurance, Voyager held $1,024,342.00 in Kimbrell's non-file insurance reserve. Kimbrell's alleges that the parties agreed to maintain the status quo of their agreement - that is, allowing Voyager to keep the reserve funds - until the class action was resolved. The court decided that the insurance companies offering non-file insurance had zero risk shifted to them and thus non-file insurance was not a valid insurance product. In 1999, pursuant to the judgment and settlement of the class action, Voyager discontinued the sale of non-file insurance.

During the course of their relationship, Kimbrell's also sold its customers credit life, accident and health, and property insurance policies written by Voyager. Kimbrell's claims that portions from the premiums of these policies were also kept in reserves, separate from the non-file insurance reserve. Kimbrell's contends that when the last of these policies was made in 2003, Voyager held $403,077.78 in the reserve accounts, separate from and unrelated to the non-file insurance reserve.

On May 17, 2005, Kimbrell's reached its own settlement with the plaintiffs in the class action lawsuit. In August 2005, Kimbrell's began demanding from Voyager the return of the reserve funds. Voyager never replied to those demands and Kimbrell's filed its Complaint with this Court on July 21, 2006. Kimbrell's asserts in this federal lawsuit claims for bailment, conversion, and money in hand and received/unjust enrichment. Kimbrell's seeks payment of the value of all reserve funds held by Voyager, estimated to be $1,427,419.78, plus interest, and the payment of the costs of this action.

## II. STANDARD OF REVIEW

As it must, this Court sets a high bar for granting a motion to dismiss. A motion to dismiss tests the "legal sufficiency of the complaint, and not the facts in support of it." Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). "In general, a motion to dismiss will not be granted unless a plaintiff can prove no set of facts which would support his claim and entitle him to relief." Venkatraman v. REI Sys., 417 F.3d 418, 420 (4th Cir. 2004). A motion to dismiss for failure to state a claim should be granted if "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

## III. DISCUSSION

Voyager Life Insurance Co. principally contends that Kimbrell's lawsuit should be dismissed because the parties were previously co-defendants in an action consolidated by the Judicial Panel for Multidistrict Litigation in the Middle District of Alabama which resulted in a settlement agreement that included a "Bar Order." Voyager argues that the Bar Order precludes the instant action and quotes the following language which it claims discharges

> all legal and equitable claims of all defendants in this Action against [Voyager Life] for contribution, indemnity and the like, based in whole or in part upon [Voyager Life's] practices or policies referable to non-filing insurance ... all other claims, however denominated, which have been, could have been, or could be asserted against [Voyager Life] arising directly or indirectly out of the facts, transactions, events, acts or omissions relating in any way to the non-filing insurance policies....

4

Defendant's "Memorandum of Law in Support..." (Document No. 9) p. 2. It is Voyager's position that Kimbrell's Complaint impermissibly attempts to circumvent the Bar Order.

In addition to contending that the Bar Order proscribes Kimbrell's claims in this matter, Voyager also argues that what Kimbrell's essentially seeks is contribution which is barred by the North Carolina Uniform Contribution Among Tort-Feasors Act ("UCATA"). Voyager notes that the Fourth Circuit has recognized UCATA as the statutory equivalent of a settlement bar order. UCATA provides that "[w]hen a release or covenant not to sue ... is given in good faith ... it discharges the tort-feasor to whom it is given from all liability for contribution to any other tort-feasor." N.C.G.S. § 1B-4.

Voyager also asserts that Kimbrell's claims are subject to a three-year statute of limitations that began with the entry of the 1999 Final Judgment and Settlement in the previous class action and has long since expired. Each of Voyager's arguments requires this Court to accept as fact that the Bar Order does indeed preclude any and all of Kimbrell's claims - something Kimbrell's refutes.

Although Voyager presents very compelling arguments for the motion to dismiss based primarily on the Bar Order, arguments that may yet prevail at a future stage of this litigation, the undersigned's view is that Kimbrell's Complaint is legally sufficient, and that it is not certain that Plaintiff cannot prove any set of facts to support its claim for relief. Id. The parties have distinctly different views on their underlying business arrangement(s), as well as the applicability of the Bar Order. At this stage, the Court must view the facts in the light most favorable to Kimbrell's. Discovery should further illuminate the agreements of the parties, as well as the effect, if any, of the Bar Order on this litigation.

Kimbrell's acknowledges that at first glance the Bar Order is ominous, but argues that in

actuality the Bar Order does not apply to its claims. First, Kimbrell's argues that its claims are independent state law claims arising out of Voyager's refusal to return funds that it claims Voyager has improperly withheld. Kimbrell's denies that it seeks contribution. Next, Kimbrell's makes an argument that the Bar Order is overly broad and not legally permissible. Kimbrell's also contends that it did not object at the time of the Bar Order because in 1999 it had no idea Voyager would refuse to return the reserves it was holding for Kimbrell's. In August 2005, Kimbrell's requested that Voyager return funds from the reserve accounts. Kimbrell's contends that the statute of limitations did not begin to run until it first requested payment of the reserve funds.

Kimbrell's makes an additional, or alternative, argument that there is no relationship between its arrangement with Voyager regarding credit life, accident and health and property insurance, and that of the non-file insurance. Specifically, Kimbrell's argues that there is no rationale that the Bar Order could apply to that insurance or the reserve fund created for it. Kimbrell's contends Voyager has failed to make a legal or factual argument to support its motion to dismiss these claims.

In short, the parties have presented very different characterizations of their approximately twenty-year relationship. If one accepted as true Voyager's presentation of the facts and the applicability of the Bar Order, then this would be a fairly straightforward decision. However, the standard of review for a motion to dismiss, as it should, requires the Court to accept as true Kimbrell's allegations, and to view the facts in a light most favorable to Kimbrell's. See Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). While Voyager's arguments are compelling, applying the proper standard, the undersigned finds that Kimbrell's has filed a legally sufficient complaint which survives the motion to dismiss.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant Voyager Life Insurance Company's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6)" (Document No. 8) is **DENIED**.

Signed: May 21, 2007

David C. Keesler
United States Magistrate Judge